| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS<br>MIDLAND DIVISION |
|---|---|

| | | |
|---|---|---|
| EDUARDO BARAJAS AND JOSE CERNA, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. ___7:22-cv-00027___ |
| FILA-MAR ENERGY SERVICES, LLC. | § § § § | |
| *Defendant*. | § | |

## PLAINTIFFS EDUARDO BARAJAS AND JOSE CERNA'S ORIGINAL COMPLAINT

Plaintiffs Eduardo Barajas (referred to as "Barajas") and Jose Cerna (referred to as "Cerna") (Collectively referred to as "Plaintiffs") bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Fila-Mar Energy Services, LLC. (referred to as "Defendant" or "Fila-Mar") who worked as sand coordinators and forklift operators and during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I.  Nature of Suit

1.      Plaintiffs' claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Defendant violated the FLSA by employing Plaintiffs and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.     Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant who worked as sand coordinators and forklift operators during the past three years.

## II.  Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9.     Barajas is an individual who resides in Ector County, Texas and who was employed by Defendant during the last three years.

10.     Cerna is an individual who resides in Doña Ana County, New Mexico and who was employed by Defendant during the last three years.

11.     Fila-Mar Energy Services, LLC. is a Texas limited liability company that may be served with process by serving its registered agent:

> Lambert Arceneaux
> 402 Arlington Street
> Houston, Texas 77007

Alternatively, if the registered agent of Fila-Mar cannot with reasonable diligence be found at the company's registered office, Fila-Mar may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

12.     An allegation that Fila-Mar committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission

was committed, it was done with the full authorization, ratification or approval of Fila-Mar or was done in the normal course and scope of employment of Fila-Mar's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.     Fila-Mar is a proppant logistics and delivery service company. See generally, Fila-Mar Energy Services, http://www.filamarenergy.com/ (last visited Feb. 9, 2022).

14.     Defendant does business in the territorial jurisdiction of this Court.

15.     Defendant employed Barajas in October 2018. Barajas is currently employed at Fila-Mar.

16.     Defendant employed Cerna in January 2019 until February 2020.

17.     Defendant employed Plaintiffs as sand coordinators and forklift operators.

18.     As sand coordinators and forklift operators, they were responsible for the organizing and distributing sand products at a wellsite.

19.     During Plaintiffs' employment with Defendant, they were engaged in commerce or in the productions of goods for commerce.

20.     During Plaintiffs' employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce.

21.    During Plaintiffs' employment with Defendant, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22.    During Plaintiffs' employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

23.    Defendant paid Plaintiffs on an hourly basis.

24.    Defendant paid Plaintiffs on a biweekly basis by direct deposit.

25.    During Plaintiffs' employment with Defendants, their regular rate fell below the statutory minimum wage because, among other things, Defendant did not pay them for all hours worked.  29 U.S.C. § 206(a)(1).

26.    For example, Plaintiffs were required to report to Defendant's facility each morning to receive instruction, gather tools and materials, including a company pick-up truck, and then travel to location/wellsite.

27.    Plaintiffs were additionally required to travel from location/wellsite back to Defendant's facility at the end of their shift to return the company pick-up truck, for the next shift.

28.     However, Defendant failed to pay Plaintiffs for travel between Defendant's facility and locations during their workday.

29.     In other words, Plaintiffs were only paid for time spent on location, i.e., ticket time.

30.     Moreover, during Plaintiffs' employment with Defendant, they regularly worked in excess of forty hours per week.

31.     Defendant knew or should have known that Plaintiffs worked in excess of forty hours per week.

32.     Defendant did not pay Plaintiffs the entirety of the hours they worked including hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

33.     Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

34.     As sand coordinators and forklift operators, Plaintiffs' primary duties were nonexempt.

35.     As sand coordinators and forklift operators, Plaintiffs' primary duties did not include office or nonmanual work.

36.     As sand coordinators and forklift operators, Plaintiffs' primary duties were not directly related to the management or general business operations of Defendant or its customers.

37.     As sand coordinators and forklift operators, Plaintiffs' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

38.     As sand coordinators and forklift operators, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

39.     As sand coordinators and forklift operators, Plaintiffs were, instead, required to follow Defendant's policies, practices and procedures.

40.     As sand coordinators and forklift operators, Plaintiffs did not have any independent authority to deviate from Defendant's policies, practices and procedures.

41.     Defendant knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

42.     Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

43.     During Plaintiffs' employment with Defendant, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

44.     During Plaintiffs' employment with Defendant, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

45.    Defendant continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

46.    Defendant has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

47.    Prior to this lawsuit, Defendant conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

48.    Because Defendant willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

49.    As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

50.    All sand coordinators and forklift operators employed by Defendant during the last three years are similarly situated to Plaintiffs because they (1) have similar job duties; (2) were not compensated for all of the hours that they work; (3) their regular rates routinely fell below the statutory minimum wage; (4) regularly worked or work in excess of forty hours per week; (5) were not paid the entirety of their

hours including overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendant under 29 U.S.C. § 216(b).

### V.  Count One—
### Failure To Pay the Minimum Wage in Violation of 29 U.S.C. § 206(a)

51.     Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

52.     During Plaintiffs' employment with Defendant, they were nonexempt employees.

53.     As nonexempt employees, Defendant was legally obligated to pay Plaintiffs at least $7.25 per hour.  29 U.S.C. § 206(a)(1)(C).

54.     Defendant did not pay Plaintiffs the statutory minimum wage as required by 29 U.S.C. § 206(a)(1)(C).

55.     Instead, Defendant paid Plaintiffs for fewer hours than they actually worked, which caused their regular rate to fall below the statutory minimum wage.

56.     For example, Plaintiffs were required to report to Defendant's facility each morning to receive instruction, gather tools and materials, including a company pick-up truck, and then travel to location/wellsite.

57.    Plaintiffs were additionally required to travel from location/wellsite back to Defendant's facility at the end of their shift to return the company pick-up truck, for the next shift.

58.    However, Defendant failed to pay Plaintiffs for travel between Defendant's facility and locations during their workday.

59.    In other words, Plaintiffs were only paid for time spent on location, i.e., ticket time.

60.    If Defendant classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

61.    Defendant knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Defendant willfully violated the minimum wage requirements of the FLSA.

## VI.  Count Two—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

62.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63.    During Plaintiffs' employment with Defendant, they were nonexempt employees.

64. As nonexempt employees, Defendant was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

65. Defendant did not pay Plaintiffs the entirety of their overtime as required by as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

66. If Defendant classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they were misclassified.

67. As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

### VII. Count Three—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

68. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

70.     During Plaintiffs' employment with Defendant, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

71.     During Plaintiffs' employment with Defendant, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

72.     Defendant continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

73.     Defendant has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

74.     Prior to this lawsuit, Defendant conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

75.     Because Defendant willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VIII.  Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

76.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

77.     On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

78.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

79.     Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

80.     Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

81.     For these reasons, Plaintiffs request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All sand coordinators, forklift operators and any other hourly employees who were employed by Fila-Mar Energy Services during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and were not paid the entirety of their hours, including overtime.

82.     Defendant is liable to Plaintiffs and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

83.    Plaintiffs have retained counsel who are well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## IX.  Count Five—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

84.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

85.    Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

86.    Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b).

87.    Plaintiffs have retained the professional services of the undersigned attorneys.

88.    Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

89.    Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

90.    The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

91.    Defendant is liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X.  Relief Sought

92.    Plaintiffs demand the following relief:

    a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b.  incentive award for any class representative(s);

    c.  judgment against Fila-Mar in Plaintiffs favor both individually and on behalf of the putative class members for unpaid wages, including overtime, liquidated damages and attorney's fees, plus interest and costs;

    d.  postjudgment interest at the applicable rate;

    e.  all other relief and sums that may be adjudged against Defendant in Plaintiffs favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**